# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WITS BASIN PRECIOUS MINERALS, INC.,<br>LEE LEVINE, MICHAEL LEPORE, MARK<br>MCLAIN, MORTON WALDMAN, ALLAN<br>STALLER, THOMAS MCADAM, ARTHUR<br>BROWN, DJ SIKKA, and BRYAN<br>REICHEL,<br><br>                    Plaintiffs,<br>        vs.<br><br>STANDARD METALS PROCESSING, INC.,<br>f/k/a STANDARD GOLD, INC., a Nevada<br>Corporation,<br><br>                    Defendant. | Case No.: 2:14-cv-01459-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 12) filed by Defendant Standard Metals Processing, Inc. ("Standard"). Plaintiffs Wits Basin Precious Metals, Inc. ("Wits"), and the Individual Plaintiffs, Lee Levine, Michael Lepore, Mark McLain, Morton Waldman, Allan Staller, Thomas McAdam, Arthur Brown, DJ Sikka, and Bryan Reichel (collectively, "Plaintiffs") filed a Response and an Alternative Motion to File Second Amended Complaint (ECF Nos. 15–16). Both motions have been fully briefed.

## I.    BACKGROUND

This case arises out of an Exchange Agreement entered into between Plaintiff Wits and Standard, and Private Option Agreements entered into between Plaintiff Wits and the Individual Plaintiffs. (Am. Compl., ECF No. 11). On March 15, 2011, Wits and Standard entered into an Exchange Agreement, which granted Wits the option to purchase up to 630,000 shares of Standard's common stock for $0.50 per share. (*Id.* ¶¶ 7, 9; Ex. A to Am. Compl., ECF No. 11-1). Moreover, Wits entered into Private Option Agreements with the Individual

Plaintiffs, which "contained certain rights, options and warrants to purchase stock in the defendant." (*Id.* ¶ 10; Ex. B to Am. Compl., ECF No. 11-2). On July 30, 2014, Wits sent a letter and a $1,000.00 check to Standard in an attempt to exercise its option to purchase 2,000 shares of Standard. (*Id.* ¶ 11; Ex. C to Am. Compl., ECF No. 11-3). Plaintiffs allege that Standard refused to issue the shares as requested, and Standard's stock has since traded between $1.55 and $1.95. (*Id.* ¶¶ 13–14).

Plaintiffs filed the Original Complaint on September 10, 2014, asserting the following claims: (1) breach of contract; (2) anticipatory breach of contract; and (3) equitable relief. (Compl. ¶¶ 7–22, ECF No. 1). Standard filed a Motion to Dismiss (ECF No. 5), and Plaintiffs subsequently filed an Amended Complaint as a matter of course (ECF No. 9). Shortly thereafter, Standard filed a first Motion to Dismiss Plaintiffs' Amended Complaint. (ECF No. 10). Then, Plaintiffs' filed a Notice of Corrected Image/Document regarding its Amended Complaint (ECF No. 11), and Standard filed its second Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 12). Because Standard's second Motion to Dismiss is the operative motion, the Court denies the first two Motions to Dismiss (ECF Nos. 5, 10) as moot.

## II.   LEGAL STANDARD

### A.   12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be construed in one of two ways. *Thornhill Publishing Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Or it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.* Unless subject matter jurisdiction is affirmatively pled, the court will presume that it lacks subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

When, as here, a court considers a 'facial' attack made pursuant to Rule 12(b)(1), it must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

**B.     12(b)(3)**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3).  Under 28 U.S.C. § 1391(b), venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  In determining whether venue is proper under § 1391, disputed facts are viewed in the light most favorable to the non-moving party, and district courts draw all reasonable inferences and resolve factual disputes in favor of the non-moving party. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

**C.     12(b)(6)**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the complaint may be considered." *Id*.  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib*., 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

### D.    Leave to Amend

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   **DISCUSSION**

### A.   **12(b)(1)**

Standard asserts that Plaintiffs' Amended Complaint should be dismissed for lack of subject matter jurisdiction for the following reasons: (1) Plaintiffs do not plead their complete diversity as to Standard's Alabama citizenship; (2) Plaintiffs do not affirmatively plead their citizenship; and (3) Plaintiffs do not plead that each of their claims satisfies the jurisdictional amount requirement. (Mot. to Dismiss ¶¶ 1–12, ECF No. 12).  Because Standard makes "facial" attacks pursuant to Rule 12(b)(1), the Court must consider the allegations of the Amended Complaint to be true and construe them in the light most favorable to Plaintiffs. *Love*, 915 F.2d at 1245.

In the Amended Complaint, Plaintiffs allege that Plaintiff "Wits, is a corporation with a usual place of business of, 900 IDS Center, 80 South 8th Street, Minneapolis, MN 55402," "[t]he Option Holders are all individuals who live in states within the United States, other than Nevada," and "Standard is a corporation organized and existing under the laws of the State of Nevada, with a registered agent within Nevada." (Am. Compl. ¶¶ 2–4, ECF No. 11). Additionally, Plaintiffs allege that, based on Standard's refusal to honor the exercise of options, "[i]t is therefore reasonable to assume that Standard will not honor any of Wits' requests for any of its 630,000 options or for the additional Warrants," and "[t]his would represent a gross profit of approximately $1.7 million." (*Id.* ¶¶ 17–18).

Because the Court must consider the allegations of the Amended Complaint to be true and construe them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs' jurisdictional allegations are sufficient to establish the Court's diversity jurisdiction.  Although Plaintiffs allege that the Individual Plaintiffs live in states other than Nevada (Am. Compl. ¶ 2– 3), the Court can infer that the Individual Plaintiffs are domiciled in such states.  Moreover,

Plaintiffs' allegations that they have suffered harm in excess of $1.7 million is sufficient to infer that each plaintiff's claims satisfy the jurisdictional amount requirement.  Accordingly, the Court denies Standard's Motion on this basis.

**B.    12(b)(3)**

Standard also asserts that Plaintiffs' Amended Complaint should be dismissed for improper venue. (Mot. to Dismiss ¶¶ 13–18).  More specifically, Standard asserts that the Exchange Agreement contained a forum selection clause, and a "motion to dismiss a complaint based on a contractual forum selection clause is a Rule 12(b)(3) motion for improper venue." (*Id.* ¶ 13 (citing *Cory v. eBET Ltd. (In re Sona Mobile Holdings Corp.)*, 2013 U.S. Dist. LEXIS 94206 at 8 (D. Nev. July 5, 2013)).  On the other hand, Plaintiffs assert that the "instant action was brought to enforce the Private Option Agreement attached to Plaintiff's Amended Complaint at Exhibit 'B,' which contains no forum selection clause." (Response 14:5–6, ECF No. 15).

In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western Dist. Of Texas*, the Supreme Court held that Rule 12(b)(3) authorizes dismissal "only when venue is 'wrong' or 'improper' in the forum in which it was brought." 134 S. Ct. 568, 577 (2013).  Additionally, the question of whether venue is improper or wrong is governed by 28 U.S.C. § 1391, and "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Id.* Here, Standard does not assert that venue is wrong or improper under any of the provisions in 28 U.S.C. § 1391.  Accordingly, the Court denies Standard's Motion on this basis.

**C.    12(b)(6)**

Plaintiffs' claims arise out of the Private Option Agreement, which states that "[t]his Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Minnesota without regard to its conflicts-of-law principles." (Ex. B to Am. Compl.,

ECF No. 11-2). Accordingly, the Court will apply Minnesota law to its 12(b)(6) analysis.

**1. Breach of Contract and Interference with Contract**

First, Plaintiffs allege that "Standard is in breach of the Private Option Agreement." (Am. Compl. ¶ 15). Under Minnesota law, the elements of a breach of contract claim are: "(1) formation of a contract; (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Lyon Fin. Servs., Inc. v. Illinois Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014) (quoting *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011)). Here, the parties to the Private Option Agreement are Plaintiff Wits as "Grantor" and Plaintiff Lee Levine as "Holder." Because Standard is not a party to the Private Option Agreement, it cannot be in breach of the Private Option Agreement. Thus, Plaintiffs' claim of breach of contract fails as a matter of law.

Second, Plaintiffs allege that Standard "has interfered with Plaintiffs rights under the Private Option Agreements." (Am. Compl. ¶ 15). Standard asserts that "Plaintiffs cannot succeed on the Interference with Contract element of the claim, as a defendant cannot, as a matter of Nevada law, interfere with a contract to which it is a party." (Mot. to Dismiss ¶ 22). However, under Minnesota law, the elements of interference with contract are: "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages." *Furlev Sales & Assocs., Inc. v. N. Am. Auto. Warehouse, Inc.*, 325 N.W.2d 20, 25 (Minn. 1982). Here, Plaintiffs have alleged the existence of the Private Option Agreements, that Standard knew of the Agreements, that Standard procured breach of the Agreements by refusing to issue the shares, that Standard has not provided justification for this refusal, and that Plaintiffs suffered damages as a result. (Am. Compl. ¶¶ 11–15). Thus, Plaintiffs' claim of interference with contract survives Standard's Motion to Dismiss.

**2. Anticipatory Repudiation**

Plaintiffs allege that "Standard has utterly refused to honor the request set forth in the Letter," "has failed to explain this refusal," and "has provided no means for the Option Holders to exercise their rights before the expiration of their Agreements on October 16, 2014." (Am. Compl. ¶ 17). Moreover, Plaintiffs allege that "[i]t is therefore reasonable to assume that Standard will not honor any of Wits' requests for any of its 630,000 options or for the additional Warrants," and "[b]ecause of this anticipated continuing breach of any requests that would be made by Wits or by any of the Private Option Holders, Plaintiffs are entitled to judgment." (*Id.* ¶¶ 18–19). Under Minnesota law, "[a]n anticipatory repudiation … occurs when a promisor renounces a contractual duty before the time for performance has arrived." *Park Nicollet*, 808 N.W.2d at 837. As explained previously, Standard was not a party to the Private Option Agreements. Therefore, Standard could not have renounced a contractual duty before the time for performance arrived because Standard did not have any duties under the Private Option Agreements. Accordingly, Plaintiffs' claim of anticipatory repudiation fails as a matter of law.

### D.     Leave to Amend

The Court should freely give leave to amend when justice so requires, the Court finds that granting Plaintiffs leave to amend the claims of breach of contract and anticipatory repudiation would be futile because Standard was not a party to the Private Option Agreements alleged to be breached or anticipatorily repudiated. Thus, there are no facts that Plaintiff could allege that would be sufficient to establish that Standard breached the Private Option Agreement or anticipatorily repudiated the Private Option Agreements, and Plaintiffs' Amended Complaint survives only on the claim of interference of contract.

## IV.    <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Standard's Motion to Dismiss (ECF No. 12) is **DENIED in part** and **GRANTED in part**. Plaintiffs' claims of breach of contract and anticipatory repudiation are dismissed with prejudice. However, Plaintiffs' claim of

interference with contract survives Standard's Motion to Dismiss.

**IT IS FURTHER ORDERED** that Plaintiffs' Alternative Motion to File Second Amended Complaint (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Standard's Motions to Dismiss (ECF Nos. 5, 10) are **DENIED as moot**.

**DATED** this 13th day of March, 2015.

_____

Gloria M. Navarro, Chief Judge
United States District Judge