DEANNA L. FORBUSH
Nevada Bar No. 6646
MORRIS POLICH & PURDY, LLP
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Telephone: 702.862.8300
Facsimile: 702-862.8400
dforbush@mpplaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WITS BASIN PRECIOUS MINERALS, INC., LEE LEVINE, MICHAEL LEPORE, MARK MCLAIN, MORTON WALDMAN, ALLAN STALLER, THOMAS MCADAM, ARTHUR BROWN, and DJ SIKKA,<br><br>Plaintiffs,<br><br>vs.<br><br>STANDARD METALS PROCESSING, INC., f/k/a STANDARD GOLD, INC., a Nevada Corporation,<br><br>Defendant. | CASE NO.: 2:14-cv-1459-GMW-CWH<br><br>**MOTION FOR STAY OF DISCOVERY DATES AND DEADLINES** |

Plaintiffs WITS BASIN PRECIOUS MINERALS, INC., LEE LEVINE, MICHAEL LEPORE, MARK MCLAIN, MORTON WALDMAN, ALLAN STALLER, THOMAS MCADAM, ARTHUR BROWN, and DJ SIKKA, by and through their counsel hereby submit the above-captioned motion seeking, in pertinent part, a stay of certain dates and deadlines set forth in the *Stipulation and Order to Extend Discovery Dates and Deadlines (Second Request)* (Doc. #40) filed June 22, 2015.

## POINTS & AUTHORITIES

### I.
### BRIEF RELEVANT FACTS AND DISCUSSION

A *Stipulation and Order to Extend Discovery Dates and Deadlines (Second Request)* (Doc. #40) was filed on June 22, 2015 ("Discovery Order"). In pertinent part, the Discovery Order provides as follows as to certain up-coming deadlines and cut-off dates:

December 7, 2015     Discovery cut-off date

December 22, 2015    Last date to file dispositive motions

January 22, 2016     Last date to file Joint Pre-Trial Order

As the Court may remember, the parties filed a *Joint Interim Status Report* (doc. #41) on September 23, 2015, which, in pertinent part, noted:

> Neither Counsel for Plaintiffs or the Defendant believe trial will go forward in this matter, as they are currently involved in advanced settlement discussions. If, however, settlement is not timely reached, the Parties believe the case, or a significant portion thereof, will be disposed of on Summary Judgment and/or cross-motions, that are anticipated to be filed on or before the applicable deadline.

Id., at 2:11-16. More recently, Defendant's attorney filed its *Unopposed Motion to be Relieved as Counsel* (doc. #42) on November 13, 2015.

With the above in mind, Plaintiffs hereby file this Motion seeking a stay of the above-referenced deadlines and cut-off dates set by the Discovery Order. This request is made because, as noted in the *Joint Interim Status Report*, the parties have been involved in ongoing settlement discussions. Those efforts have been the primary, if not sole, focus of the parties. It is hopeful that settlement can be brought to fruition in the not too distant future. However, with the recent motion of Defendant's attorney to be granted permission to withdraw as counsel, Plaintiffs are submitting this current Motion as a prophylactic measure seeking an Order to stay the current deadlines and

cut-off dates, to allow Defendant reasonable time to locate, secure and bring substitute counsel up to speed in this matter. In light of on-going and hopefully fruitful settlement negotiations, and with Defendant's counsel seeking leave to withdraw as counsel, Plaintiffs submit the parties will be unable to complete discovery, including the inability to schedule and notice depositions and/or coordinate same with Defendants should settlement negotiations falter.

Moreover, it will be challenging to even continue settlement discussions until Defendant secures replacement counsel. Accordingly, the parties risk discovery deadlines passing without the resumption of productive settlement discussions, and/or the completion of discovery due to lack of counsel, unless the current dates are stayed pending Defendant's appointment of counsel.

Plaintiffs assert that they requested a stipulation to the stay of discovery dates from current defense counsel, and he advised that he is without authority to grant the same. Accordingly, Plaintiffs are left with no viable option but to file the instant motion, as they are unsure of Defendant's current point person, due to resent changes in management/corporate leadership, and are nevertheless hesitant to deal with Defendant absent counsel.

The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion. Little v. City of Seattle, 863 F.2d, 681, 685 (9th Cir.1988). Whether to grant a stay is within the discretion of the Court and its decision to allow or deny discovery is reviewable only for abuse of discretion. Munoz–Santana v. U.S. I.N.S., 742 F.2d 561, 562 (9th Cir.1984). Here, Plaintiffs, pursuant to LR 6-1 and/or LR 26-4, to the extent applicable in such that this Motion may be seen as a request to extend the discovery and deadline dates noted above, submits good cause is present to stay the same pending Defendant's retaining new counsel to represent it in this action. Plaintiffs request that should the court grant a stay, a status check hearing be scheduled following Defendant retaining new counsel to discuss the status

Page 3

of settlement negotiations and/or discuss new deadlines and cut-off dates.

Plaintiffs submit good cause is present warranting the granting of this Motion. Namely, it is anticipated that settlement discussions will be successful, and this matter will settle with a global resolution once Defendant appoints replacement counsel. It is further submitted Defendant will not be harmed and/or will not suffer any negative consequences with the granting of this Motion. It is also submitted good cause is present in that should the Motion be granted and settlement discussions fail, the then the parties will be able to complete discovery and be able to more fully and inform the Court on dispositve motions and/or at trial.

## II.
## CONCLUSION

Wherefore, Plaintiffs request an order staying the Discovery Order. Specifically, the Discovery Order provides as follows as to certain up-coming deadlines and cut-off dates:

December 7, 2015   Discovery cut-off date

December 22, 2015   Last date to file dispositive motions

January 22, 2016   Last date to file Joint Pre-Trial Order

Plaintiffs submit in light of the ongoing settlement discussions, Defendant's attorney's motion to withdraw, and the above-referenced fast approaching deadlines and cut-off dates, good cause is present to stay the same until Defendant retains new counsel.

[Signature page to follow]

Respectfully submitted this 16th day of November 2015.

MORRIS POLICH & PURDY LLP

By _____
Deanna L. Forbush (NSBN 6646)
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
ph. (702) 862-8300; fax (702) 862-8400
email: dforbuh@mpplaw.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 16th of November 2015, I caused a true and correct copy of the foregoing Motion, in the U.S. Postal Service, first class mail, postage prepaid to:

Standard Metals Processing, Inc.
611 Walnut Street
Gadsden, AL 35901

I further certify that on the 16th of November 2015, I caused a true and correct copy of the foregoing Motion to be filed through the Court's CM/ECF system, with electronic service to:

Joshua D. Brinen, Esq.
Brinen & Associates, LLC
7 Dey Street, Suite 1503
New York, New York 10007

_____
An Employee of Morris Polich & Purdy, LLC

**ORDER**

IT IS SO ORDERED. The parties are directed to file a joint status report **no later than December 18, 2015**, informing the Court of the status of this action.

DATED: November 17, 2015

_____
United States Magistrate Judge